# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **GEORGE LOPEZ,**  Plaintiff,  v.  **ADMINISTRATIVE OFFICE OF THE COURTS, a judicial branch of the State of Utah; KATHY ELTON, an individual; and JOHN DOES 1-10, individuals,**  Defendants. | **MEMORANDUM DECISION AND ORDER**  Case No. 2:07-cv-571-TC-PMW  Chief District Judge Tena Campbell  Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) George A. Lopez's ("Plaintiff") motion for an order to show cause why mediation should not proceed[2] and (2) the Administrative Office of the Courts and Kathy Elton's (collectively, "Defendants") motion to withdraw this case from the court-annexed Alternative Dispute Resolution Program ("ADR Program").[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the

---

[1] *See* docket no. 31.

[2] *See* docket no. 37.

[3] *See* docket no. 39.

District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

On June 5, 2009, in response to motions filed by Plaintiff and Defendants, this court vacated the scheduling order and referred this case to the ADR Program for mediation.[4] Thereafter, the parties stipulated to the selection of a mediator,[5] and on November 23, 2009, the court issued a notice scheduling a mediation conference for December 9, 2009.[6] That notice clearly stated that the parties' mediation statements were to be delivered to the mediator no later than 5:00 p.m. on December 2, 2009. Defendants assert, and Plaintiff does not dispute, that as of December 4, 2009, Plaintiff had not delivered his mediation statement to the mediator. Consequently, Defendants' counsel contacted the mediator and cancelled the scheduled mediation conference. The mediator provided notice of the cancellation to the court's ADR Program Administrator, who in turn provided that notice to Plaintiff. The mediation conference was not rescheduled.

In his motion now before the court, Plaintiff argues that the mediation should go forward and that Defendants should be ordered to show cause why mediation should not go forward. Plaintiff also argues that the court's "ADR judge should review and determine whether, perhaps, some unintended but no less mischievous force has worked an unfair prejudice against the

---

[4] *See* docket no. 34.

[5] *See* docket no. 35.

[6] *See* docket no. 36.

parties' attempt to mediate."[7] Plaintiff makes the unsupported allegation that there was "intrigue and questionable interplay" among the court's ADR Program Administrator, the agreed-upon mediator, and Defendants' counsel.[8]

In response, Defendants filed their motion to withdraw this case from the ADR Program. Defendants argue that good cause exists for withdrawing this case from mediation and that there is no basis for Plaintiff's request for an order to show cause. Defendants also argue that Plaintiff's allegations about misconduct are not properly before this court.

For the following reasons, the court agrees with Defendants' arguments and concludes that Plaintiff's arguments are without merit. First, Defendants have established good cause for withdrawing this case from the ADR Program. The Alternative Dispute Resolution Plan for the United States District Court for the District of Utah ("ADR Plan") provides that the court may withdraw a case from the ADR Program "[o]n its own motion, or for good cause shown upon motion by a party." ADR Plan, Section 1(b). It is undisputed that Plaintiff failed to deliver his mediation statement to the mediator by the deadline provided in the notice scheduling the mediation conference. Based on that failure, Defendants cancelled the mediation conference. Thereafter, no efforts were made by either Plaintiff or Defendants to reschedule the mediation conference, and this case sat idle until Defendants notified Plaintiff that they were no longer

---

[7] Docket no. 38 at 3-4.

[8] Docket no. 44 at 10.

interested in pursuing mediation. Based on those circumstances, the court concludes that good cause exists for withdrawing this case from the ADR Program. *See id*.

Second, there is no basis for Plaintiff's request that Defendants be ordered to show cause why mediation should not go forward in this case. As Defendants have correctly noted, the parties have not agreed to mandatory or binding mediation. Defendants have also correctly noted that neither the court's local rules nor the ADR Plan contain any indication that mediation under the ADR Program is mandatory or binding. While Plaintiff appears to concede both of those points, he argues that this court's previous order referring the case to the ADR Program somehow requires the parties to mediate, regardless of the circumstances. That argument fails. The ADR Plan specifically contemplates withdrawal of a case from the ADR Program by way of either the court's own motion or a motion by a party. *See id*. In addition, even when the court refers a case to the ADR Program, the court retains the inherent authority to supervise that case, which includes the ability to withdraw the case from the ADR Program. *See* DUCivR 16-2(h); ADR Plan, Section 1(b).

Finally, Defendants have correctly asserted that Plaintiff's allegations about misconduct in the mediation process are not properly before this court. In relevant part, civil rule 16-2 of the Rules of Practice for the United States District Court for the District of Utah provides that

> [t]he court will designate a district or magistrate judge to serve as the ADR compliance judge (ADR judge) to hear and determine complaints alleging violations of provisions of this rule or the ADR Plan. When necessary, the chief judge may designate an alternative district or magistrate judge to temporarily perform the duties of the ADR judge.

DUCivR 16-2(i). That rule also provides that

> [a] complaint alleging that any person or party, including the assigned ADR roster or pro tem member(s), has materially violated a provision of this rule or the ADR Plan shall be submitted to the ADR judge in writing or under oath. Copies of complaints that are reviewed by the ADR judge and not deemed frivolous and dismissed shall be sent by the clerk to all parties to the action and, where appropriate, to the assigned ADR roster or pro tem member(s). Complaints shall neither be filed with the clerk nor submitted to the judge assigned to the case.

DUCivR 16-2(j)(1).

Based on those provisions of rule 16-2, as well as Judge Campbell's referral of this case to Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A), Plaintiff asserts that Judge Warner has been designated as the ADR Judge in this case. That assertion is incorrect. Judge Campbell referred this case to Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). That referral did not somehow also designate Judge Warner as the ADR Judge in this case. Further, the court has not designated an ADR Judge in this case. The court would have done so only if a complaint had been filed in accordance with civil rule 16-2(j). By including his allegations about misconduct in his motion before the court, Plaintiff has not lodged a complaint in accordance with rule 16-2. *See* DUCivR 16-2(j)(1) ("Complaints shall neither be filed with the clerk nor submitted to the judge assigned to the case.").

Based on the foregoing, Plaintiff's motion for an order to show cause why mediation should not proceed[9] is **DENIED**, and Defendants' motion to withdraw this case from the ADR Program[10] is **GRANTED**.

As part of their motion, Defendants have also requested the entry of a new scheduling order. *See* ADR Plan, Section 1(c) ("On withdrawal of an action from the ADR program, the formal stay of discovery will be lifted and the case will continue on the pretrial schedule previously set by the district or magistrate judge. Where no pretrial scheduling order has been set, the court or magistrate judge will enter an appropriate scheduling order pursuant to DUCivR 16-1(a)(1)."). Defendants' request is **GRANTED**. The parties are directed to attempt to meet and confer in an effort to stipulate to dates and deadlines for a new scheduling order. If those efforts are successful, the parties are directed to file a stipulated motion for a scheduling order, along with a proposed scheduling order, for the court's consideration. If, on the other hand, those efforts are unsuccessful, either party may file a motion for a scheduling order with the court.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2010.

BY THE COURT:

*(signature)*

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 37.

[10] *See* docket no. 39.